Dear Mr. Brown:
This is in answer to your letter of recent date in which you asked whether an elected city councilman is exempt from the lobbyist registration requirements of the state of Missouri. You further stated that the city councilman about whom you inquire is chairman of the legislative committee of the city council. He receives no additional compensation as a result of being chairman of the legislative committee but does receive compensation as a city councilman. At the direction of the mayor and city council, such councilman oversees the lobbying activities of city employees and personally acts for the purpose of influencing legislation of concern to the city of which he is a councilman. You state that such councilman alleges that he is not required to register as a lobbyist because he is an "elected state official."
"Lobbyist" is defined in § 105.470.1(3), RSMo. Such definition reads as follows:
 (3) `Lobbyist', any person, including persons employed by or representing federal or state agencies and all political subdivisions thereof, who acts in the course of his employment or who engages himself for pay or for any valuable consideration for the purpose of attempting to influence the taking, passage, amendment, delay or defeat of any legislative action by the legislature; or any person who receives any direct or indirect benefits or expenses for lobbying activities, whether by grant or otherwise, from any state, the federal government or any private not for profit foundation or corporation; provided that the term shall not include any member of the general assembly or elected state officer;
It is clear from the definition in § 105.470.1(3) that a person is a "lobbyist" if he is employed by or represents a political subdivision in the course of his employment for the purpose of attempting to influence the taking, passage, amendment, delay or defeat of any legislative action by the legislature. We have no doubt that the activities above set out are in the course of employment of the city councilman. It is generally recognized that an office is an employment but that not every employment is an office. This holding was succinctly set forth by the Supreme Court of Colorado, quoting Chief Justice Marshall of the United States Supreme Court in the case of Hudson v.Annear, 75 P.2d 587 (Colo. 1938), l.c. 588:
 `Although an office is "an employment," it does not follow that every employment is an office.' Chief Justice Marshall, in United States v. Maurice, 2 Brock. 96, 26 Fed.Cas. 1211, 1214, No. 15,747.
While it is true that under repealed provisions of the Missouri Constitution it was held that the phrase "political subdivision" did not include cities insofar as appellate jurisdiction of the Supreme Court of Missouri was concerned, the phrase "political subdivision" is generally held to include cities. The Supreme Court held a city to be a "political subdivision" insofar as the nepotism provision of the Missouri Constitution is concerned in the case of State ex inf. Ellis ex rel. Patterson v. Ferguson,65 S.W.2d 97 (Mo. 1933). It therefore appears that a councilman represents a political subdivision and is a lobbyist when he represents a city for the purpose of attempting to influence the taking, passage, amendment, delay or defeat of any legislative action by the legislature.
Elected state officers are exempt from the provisions relating to lobbyists, but it is our view that a city councilman can in no way be considered as an elected state officer but is a city officer. In the case of Coleman v.Kansas City, 182 S.W.2d 74 (Mo. Banc 1944), the contention was made that the office of license collector of Kansas City was a state office. In disposing of this contention, the Supreme Court said at l.c. 77:
 Nor is the office of license collector a `state office' because it is established by a state law. County and city offices generally are so established. The distinction between state and municipal officers rests upon the extent of their powers and the nature of their duties.
Inasmuch as you have stated that the councilman in question oversees the lobbying activities of city employees, and he personally acts in attempting to influence the taking, passage, amendment, delay or defeat of any legislative action by the legislature, he is a "lobbyist" as such term is used in § 105.470.
It is our understanding that the councilman about whom you inquire engages in the activities described in § 105.470.1 (3), quoted supra, on more than an occasional basis and expends more than $100 during a legislative session. It follows that such a person is not a "witness" as such word is defined in § 105.470.1(4) but is a "lobbyist."
Section 105.470.2 provides as follows:
 2. Each lobbyist shall, not later than five days after beginning any activities described in subdivision (3) of subsection 1 of this section, file under oath standardized duplicate registration forms with the chief clerk of the house of representatives and the secretary of the senate. The forms shall include the lobbyist's name and business address, the name and address of the person or persons he employs, the name and address of the person, business, association or governmental agency by whom he is employed or in whose interest he appears or works. The chief clerk of the house and the secretary of the senate shall maintain files on all lobbyists' filings which shall be open to the public. Each lobbyist shall file an updating statement under oath within one week of any addition, deletion, or change in the lobbyist's employment or representation.
Such section provides that the city councilman, who is a "lobbyist," shall not later than five days after beginning any activities described in subdivision (3) of subsection 1 of § 105.470, above quoted, file under oath registration forms with the chief clerk of the house of representatives and the secretary of the senate, and such lobbyist shall file any updating statement under oath within one week of any addition, deletion or change in the lobbyist's employment or representation.
Under § 105.470.4, lobbyists are to file with the chief clerk of the house of representatives and the secretary of the senate on standardized forms at certain prescribed times, the information required in such subsection.
Section 105.470.8 provides as follows:
 Any person failing to comply with the provisions of this section is guilty of a misdemeanor and upon conviction thereof, shall be punished by a fine of not more than one thousand dollars or by confinement in the county jail for not more than one year, or both, and shall not be permitted to register as a lobbyist before the general assembly for a period of two years.
Under the provisions of subsection 8, any person who is a "lobbyist" and who fails to file the prescribed forms at the time required by the statutes of this state is guilty of a misdemeanor and upon conviction thereof shall be punished as provided by the statute and shall not be permitted to register as a lobbyist before the general assembly for the period of two years.
As pointed out above, it is our view that a city councilman, who as chairman of the legislative committee of the council of the city oversees the lobbying activity of city employees and acts personally in attempting to influence the taking, passage, amendment, delay or defeat of any legislative action by the legislature is a "lobbyist" and is subject to the provisions of § 105.470. Section 105.470.6, RSMo, places responsibility and discretion regarding prosecution of such offenses in the prosecuting attorney of Cole County.
Finally, we note that the last line of this opinion, as originally issued June 24, 1980, has been amended to read as shown in the preceding sentence. This correction is necessary because the sectional references in § 105.472, RSMo 1978 (as well as in §§ 105.474, 105.476, 105.478 and105.482) to the extent that they purport to include §§ 105.450 to 105.482 are erroneous. Such references improperly include § 105.470 which was not a part of SSSCSHB 1610, 79th General Assembly, which amended only the laws respecting the regulation of conflicts of interest.
Very truly yours,
 JOHN ASHCROFT Attorney General